Robert George DRUMMOND and Mildred Pauline Drummond, Plaintiffs,

v.

FULTON COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES et al., Defendants.

Civ. A. No. C76–76A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 30, 1976.

Margie Pitts Hames, Atlanta, Ga., for plaintiffs.

Robert C. Mote and Daniel S. Reinhardt, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants.

## ORDER

MOYE, District Judge.

The above-entitled action comes to the Court on a complaint, the crux of which is that the defendants' refusal to place said child for adoption with the plaintiffs, based solely on racial grounds, is an unconstitutional denial of equal protection of the laws and an unlawful violation of the civil rights of the plaintiffs. The action having been regularly set down and called for a hearing on plaintiffs' application for a temporary injunction, the Court ordered that the trial of the action on the merits be advanced and consolidated with the hearing on the application. The Court having heard testimony and received documents into evidence in support of plaintiffs' allegations, and the defendants having made a motion to dismiss the complaint at the conclusion of the plaintiffs' case.

■ It is hereby ordered, that the defendants' motion to dismiss be granted and the injunction dissolved. I find further that the issue is to determine whether the decision of the Fulton County Department of Family and Children Services was one solely based upon impermissible criteria of race or whether the race, to the extent that it entered into the decision, was only that legitimate consideration thereof which the Court holds necessarily is required in determining the proper placement of a child.

It is obvious that race did enter into the decision of the Department. The Court has read from beginning to end each of the exhibits which have been submitted by the plaintiffs, some of which throw considerable light on the question, particularly plaintiffs' Exhibit No. 15, which as far as the Court can tell, although there is no date on it, affords a contemporaneous version of the actual decision that took place, and where it is obvious that consideration of race did take place. It appears to the Court therefrom that the consideration of race was properly directed to the best interest of the child and was not the automatic type of thing or placement; that is, that all blacks go to black families, all whites go to white families, and all mixed children go to black families, which would be prohibited.

In fact, despite the difficulty of determining proper homes for mixed race children, as is shown by plaintiffs' Exhibit No. 19, the answers to plaintiffs' interrogatories which have been received in evidence shows that there have been some placements of mixed race children with white parents.

■ Apparently therefore, it is not an automatic type of placement which the Court holds to have been forbidden. Therefore, the Court feels that the plaintiffs have not made out a prima facie case under Title 42, § 1983 of the Code of the United States, or the Fourteenth Amendment to the Constitution of the United States.

■ In dissolving the Temporary Restraining Order, refusing to issue the preliminary injunction, and dismissing the plaintiffs' case, it should be noted that this Court does not have plenary authority with respect to this matter to determine which is the best home for adoption; that is, to make a choice between the plaintiffs' home and the home of whomever has been selected by the Fulton County Department of Family and Children Services. If there has been some error in the handling of this matter

384

by the Fulton County Department of Family and Children Services, it would be subject to the Georgia Administrative Procedure Act, in which case the Georgia courts will have the authority to determine whether the procedures have been violated. So far as this Court is concerned, it has had before it the very narrow question of whether the issue of race impermissibly entered into the decision of the defendants so as to block the legitimate consideration of factors which ought to have been considered by them in their determination of whether to place the child for adoption with the plaintiffs.

The record, as submitted by the plaintiffs, does not show a prima facie case and the Court finds that it has no alternative but to dismiss the action and dissolve the injunction. Further, the Court finds that there is insufficient merit in plaintiffs' allegations to grant a stay pending appeal and therefore this Court will refuse to grant such a stay.